## THE PRESIDENT, DIRECTORS AND COMPANY OF THE FITCH-BURG BANK *vs.* ASA PERLEY 2D.

An indorser of a dishonored promissory note is rendered liable to a subsequent indorser, if the latter, on the day of receiving from the notary of the holder a duplicate notice of the dishonor for the prior indorser, deposited it, properly addressed, in the post-office, although it did not reach the prior indorser as soon as it would have done if it had been sent to him directly from the holder or his notary, and it did not appear that the holder was ignorant of his place of residence, and although there was nothing on the face of the notice to indicate that it came from the subsequent indorser.

CONTRACT, brought by third indorsers of a promissory note against the second indorser. The answer denied that legal notice of non-payment was given to the defendant.

At the trial in the superior court, the following facts were agreed: " At its maturity, the note being then in the possession of the Merchants' Bank at Boston, payment was duly demanded of the maker, and for non-payment the note was duly protested, on the 5th of October 1860. Upon the 6th of the same month, the Fitchburg Bank at Fitchburg, the present plaintiffs, being the last indorsers, received notice of non-payment and protest, and under the same cover a notice to the defendant, a copy of which is hereto annexed.* The 6th was Saturday, and this notice was put into the post-office at Fitchburg by the plaintiffs the same day, directed to the defendant at Gardner, which was his place of residence, but it was too late to go by the mail of that day. This notice was forwarded to the defendant upon the 8th, and was received by him upon the 9th. The mail from Boston to Gardner is direct, and a letter passes from Boston to Gardner

---

* " Commonwealth of Massachusetts. Suffolk, ss. Boston, Oct. 5, 1860. Sir · A promissory note for one hundred and sixty one dollars $\frac{48}{100}$, dated Boston, April 2, 1860, signed James W. Gates & Co. payable to the order of Greenwood & Nichols, at six months after date, indorsed Greenwood & Nichols, Asa Perley 2d, C. I. Billings, Cashier, payment of said note having been first duly demanded and refused, I have this day protested the same for non-payment, and I hereby notify you that the holder looks to you for non-payment, interest and cost. Done at the request of the cashier of the Merchants' Bank    Edward A. Dexter, Notary Public.   To Mr. Asa Perley 2d."

the same day." Upon these facts, *Russell*, J. ordered judgment to be entered for the plaintiffs, and the defendant appealed.

*C. H. B. Snow*, for the defendant.

*N. Wood*, for the plaintiffs.

BIGELOW, C. J. The notice to the defendant of the non-payment of the note was clearly sufficient. There is nothing in the facts agreed which shows that the Merchants' Bank were not the legal holders of the note at the time of its maturity. The question of the sufficiency of the notice is therefore to be determined as between parties who stood in the relation of successive indorsees. It was competent for the Merchants' Bank, as holders, to send notice to their immediate indorsers, the present plaintiffs; and if they, on receiving notice, seasonably transmitted it to the defendant, he is liable, although it did not reach him so soon as if it had been sent to him by the Merchants' Bank or their notary. In this case, there can be no doubt that the notice was seasonably sent by the plaintiffs. It was deposited by them in the post-office on the same day that it was received by them from the notary. *Eagle Bank* v. *Hathaway*, 5 Met. 212.

To the form of the notice no valid objection can be made. It gave the defendant notice of all the facts necessary to charge him as indorser. *Palen* v. *Shurtleff*, 9 Met. 581.

*Judgment for the plaintiffs.*